UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE DANIELS, In rem UCC File DOC#2015-0655389/16-754122183,<br><br>Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON et al.,<br><br>Defendants. | Case No.: 17-CV-1303-CAB-WVG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. Nos. 13, 16, 18] |

This matter is before the Court on a motion to dismiss filed by Defendants The Bank of New York Mellon ("BONY") and Specialized Loan Servicing ("SLS") [Doc. No. 13], and (1) a demand of entry of default against all defendants [Doc. No. 15], (2) a motion objecting to Defendants' attorney Megan E. Lees' participation in this case [Doc. No. 16], and (3) an ex parte application for a temporary restraining order and preliminary injunction [Doc. No. 18], filed by Plaintiff Diane Daniels. For the following reasons, the motion to dismiss is granted, Plaintiffs' motions are all denied, and the amended complaint is dismissed as to BONY and SLS without prejudice to Plaintiff re-filing her state law claims against them in state court.

**I.  Background**

On February 16, 2017, Plaintiff, proceeding *pro se*, filed a complaint in case number 17-CV-0319-CAB-WVG (the "First Action"), against defendants (1) The Bank of New York Mellon ("BONY"), (2) BONY as Trustee for the certificate holders of the CWABS, Inc., asset-backed certificates, Series 2006-13, (3) Specialized Loan Servicing ("SLS"), and (4) Bank of America, N.A. ("BoA"). Along with this complaint, Plaintiff moved for leave to proceed in forma pauperis ("IFP"), which the Court denied without prejudice based on a lack of particularity, definiteness, and certainty in the information provided in support of her motion. In the same order, the Court conducted a *sua sponte* screening of the complaint, noting that it was "unable to discern what claim Plaintiff intends to assert and on whose behalf," and that the complaint did not "contain (1) 'a short and plain statement of the grounds for the court's jurisdiction,'" and (2) 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" [Doc. No. 3 in Case No. 17cv319.] Thus, the Court held that the complaint was subject to dismissal for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The Court advised Plaintiff that if she wished to proceed, she would have to file an amended complaint and either pay the full filing fee or file a new motion to proceed IFP.

On March 22, 2017 (five days after the deadline set in the Court's order), Plaintiff filed an amended complaint in the First Action and a new motion for leave to proceed IFP. The Court once again denied the motion to proceed IFP for lack of particularity, definiteness, and certainty, noting that the motion did not explain how Plaintiff subsists and did not remedy the deficiencies of the first motion. The order gave Plaintiff until April 21, 2017 to pay the filing fee if she wanted to proceed with her lawsuit.

On April 18, 2017, the Clerk of Court received a check from Plaintiff, ostensibly intended to pay the filing fee for the First Action. However, the check was returned to Plaintiff because it was received with various phrases containing restrictions including the words "void" and "do not deposit." [Doc. No. 7 in Case No. 17cv319.] At the same time, Plaintiff attempted to file what appeared to be a second amended complaint in the First

Action, which the Court rejected from filing because Plaintiff had failed to pay the filing fee and had not obtained leave to amend. [Doc. No. 8 in Case No. 17cv319.] The First Action was then terminated for failure to pay the filing fee.

Two months later, on June 26, 2017, Plaintiff initiated the instant lawsuit with a new twenty-six paged small font, single-spaced, and unsigned "complaint", identifying the plaintiff as "Diane Daniels, In Rem, UCC File Doc#2015-0655387/16-7541422183," and with the following description in the caption:

> Verified Claim: Quiet Title; Tax Evasion; violation Daniels sovereign rights; SEC Fraud; Mortgage Fraud; Criminal Trespass; violation of UCC; violation of Fee Simple, Allodial Title Land Patent; NO ARGUMENT; NO THIRD PARTIES ALLOWED; Compensatory; Punitive and Treble Damages; Restitution; Injunctive; Declaratory and Equitable Judgment.

[Doc. No. 1.] This new complaint named as defendants (1) BONY, (2) SLS, (3) "Gerald L Hassell Public and Private Capacity," (4) "IRS EIN# 13-2614959, Commission File #001-35651 for the Certificate Holders of the CWABS," (5) "Brian Richard, Public and Private Capacity," (6) "William D. Gore Public and Private Capacity," and (7) John Beggins Public and Private Capacity." [*Id.*] The complaint was accompanied by an application for leave to proceed IFP, which the Court again denied for same reasons it had denied Plaintiff's IFP motions in the First Action. [Doc. No. 3] Because Plaintiff had now filed three incomplete and inadequate IFP motions, the Court declined to give Plaintiff another opportunity. The Court ordered Plaintiff to pay the filing fee by August 4, 2017, and to refile her complaint in 14-point font, with no more than 28 lines per page, and signed by Plaintiff.

On July 18, 2017, Plaintiff paid the filing fee and filed a signed amended complaint,[1] which is the operative complaint in this action. The amended complaint is rambling and replete with odd and indecipherable language and punctuation that renders it nearly

---

[1] The amended complaint was actually signed with the words "redeem in lawful money" following the signature. The Court does not know what this disclaimer means.

impossible to discern which defendants are allegedly liable for what. Even the identity of the plaintiff is not entirely clear. By way of example, the first sentence of the complaint states:

> Now comes, DANIELS, DIANE, aka DIANE DANIELS (DANIELS), transmitting utility, UCC FILE DOC#2018-0655389/16-7541422183, operating in commerce for Diane Deliah: Daniels, party to this Verified Claim by and through the undersigned authorized representative, I, Diane Deliah: Daniels, sovereign and creditor, by special appearance, being competent with firsthand knowledge, have all rights and authority all property, corporeal and incorporeal belonging to DANIELS, DIANE aka DIANE DANIELS, legal fiction, transmitting utility, Trust, now forever belongs to Diane Deliah: Daniels, sovereign and creditor, without restriction, utilizing own credit to cancel, discharge and charge off debt.

[Doc. No. 6 at 1.] As for a statement of the grounds for this Court's jurisdiction, the amended complaint contains a lengthy recitation of allegations about how "the subject matter of this action and Claim all occurred within the County of San Diego, State of California," but does not articulate why federal subject matter jurisdiction exists. [*Id.* at 2-3.]

As for substantive factual allegations, Plaintiff's claims all appear to arise out of the foreclosure of her residence at 6391 Medio Street, San Diego, California (the "Property"), and the San Diego County Sherriff's efforts to remove her from the premises after the foreclosure occurred. Generally, Plaintiff argues in her complaint that the BONY and SLS did not have the right to foreclose and did so fraudulently, and that the San Diego County Sherriff's office used excessive force and violated her rights when removing her. The amended complaint itemizes the following four "claims for relief," each of which includes numerous possible claims:

- "Claim I for Relief- Contract Law: fraudulent misrepresentation, abuse of process –Quiet Title and permanent injunction." [*Id.* at 25.]
- "Claim II for Relief- Protect Rights, Deprivation Rights- Daniels sovereign rights, unlawful arrest, searches and confinement in custody." [*Id.* at 26.]

- "Claim II for Relief- Tax Fraud-BNY and other named defendants willfully failed to pay taxes due, intentionally failed to report all income received, fraudulent claims, Tax Evasion, willfully underreported income, falsification of documents, concealment of income." [*Id.* at 27.]
- "Claim IV for Relief- Securities Exchange Fraud against Daniels." [*Id.* at 28.]

On August 31, 2017, BONY and SLS filed a motion to dismiss for failure to state a claim. The following day, Plaintiff filed a demand that the clerk enter default against each defendant.

On September 11, 2017, Plaintiff filed a document titled: "Title 28 Rule 17(a) NO THIRD PARTIES ALLOWED ATTORNEY MEGAN E. LEES#277805 no BOND provided THIRD party, not real party in interest in this case, and demand denial of ATTORNEY MEGAN E. LEES and any other ATTORNEY attempt to join this case No Argument, No Controversy." [Doc. No. 16.]

On September 19, 2017, Plaintiff filed an ex parte application for temporary restraining order and preliminary injunction, enjoining BONY and SLS from "selling, attempting to sell, or causing to be sold" the Property. [Doc. No. 18 at 2.] On September 25, 2017, Plaintiff filed an opposition to the motion to dismiss. The Court finds all of the pending motions suitable for submission without oral argument.

**II.  Motion to Dismiss[2]**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031

---

[2] SLS and BONY filed a request for judicial notice along with their motion to dismiss. Because the Court did not need to consider these documents in connection with the motion to dismiss, the request is denied as moot.

(9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

Federal Rule of Civil Procedure 8 requires a pleader to put forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In general, "[e]ach allegation must be simple, concise, and direct." Rule 8(d)(1). The Ninth Circuit has affirmed dismissal on Rule 8 grounds where the complaint is "argumentative, prolix, replete with redundancy, and largely irrelevant," *McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996), "verbose, confusing and conclusory," *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981), or where it is "impossible to designate the cause or causes of action attempted to be alleged in the complaint," *Schmidt v. Herrmann*, 614 F.2d 1221, 1223 (9th Cir. 1980).

Plaintiff has filed four complaints between the First Action and this one. Each complaint has been argumentative, verbose, and confusing, and each one fails to clearly identify the causes of action attempted to be alleged against each defendant. This repeated failure to comply with Rule 8(a) prejudices the defendants, who face "the onerous task of combing through [Plaintiff's lengthy complaint] just to prepare an answer that admits or denies such allegations and to determine what claims and allegations must be defended or otherwise litigated." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). Plaintiff's noncompliance also harms litigants in other matters pending before the court. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal

judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Plaintiff's failure to comply with Rule 8(a) is grounds for dismissal on its own. *See Nevijel*, 651 F.2d at 673 ("A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b)."). Nevertheless, the Court will attempt to decipher whether the amended complaint sufficiently alleges (or could be amended to allege) any claims that would give this Court subject matter jurisdiction over this dispute and warrant allowing Plaintiff an opportunity to file yet another amended complaint against BONY and SLS.

### A. Federal Claims Against BONY and SLS

The amended complaint does not articulate a basis for this Court's subject matter jurisdiction. According to the amended complaint, both Plaintiff and several of the individual defendants "reside" in California, and the amended complaint does not otherwise contain any basis for finding that there is complete diversity among the parties. "The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant." *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001). Therefore, because Plaintiff is not diverse from each defendant, there is no subject matter jurisdiction based on diversity.

The only other possible grounds for subject matter jurisdiction would be federal question jurisdiction. "A plaintiff properly invokes [federal question] jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) To that end, although it is hardly clear, the claims for relief in the amended complaint include, without distinguishing among the defendants, several claims that are (or could be construed as) federal claims: (1) violations of Plaintiff's constitutional rights, (2) "Tax Fraud", and (3) "Securities Exchange Act Fraud." Thus, the Court presumes Plaintiff intends to assert federal question subject matter

jurisdiction based on these alleged claims and will address them first with respect to the motion to dismiss filed by BONY and SLS.

### 1. Claims for Violation of Constitutional Rights

The amended complaint includes several conclusory allegations that each of the defendants, including SLS and BONY, violated Plaintiff's rights under the Constitution. However, "[t]he Constitution does not provide a basis for imposing civil liability on those who violate the rights granted therein; rather, 42 U.S.C. § 1983 provides a cause of action for such violations." *Evans v. Alliance Funding*, No. 10-03200 MMM (RZx), 2010 WL 11479358, at *7 (C.D. Cal. Aug. 12, 2010). Although the amended complaint makes no mention of 42 U.S.C. § 1983, Plaintiff argues in her opposition that "[f]ailure to obtain substantial Justice in state courts lead [sic] to this suit being filed in Federal Court under Title 42 United States Code standard 1983." [Doc. No. 19 at 19.] Notwithstanding this argument, because the amended complaint only alleges constitutional violations directly, and not pursuant to § 1983, any claims based on violations of the Constitution are subject to dismissal for failure to state a claim on this basis alone.

Moreover, allowing Plaintiff to amend her complaint again to assert claims under § 1983 would be futile as to BONY and SLS because "[t]he United States Constitution protects individual rights only from *government* action, not from *private* action. Only when the *government* is responsible for a plaintiff's complaints are individual constitutional rights implicated." *Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003) (*emphasis* in original). As this court has advised Plaintiff in a previous lawsuit,[3] "[f]oreclosure activity carried out by private entities pursuant to state law does not implicate constitutional interests." *Daniels v. ComUnity Lending, Inc.*, No. 13CV488-WQH, 2015 WL 541299, at *11 (S.D. Cal. Feb. 9, 2015) (citing *Charmicor v. Deaner*, 572 F.2d 694, 696 (9th Cir. 1978) ("Over 40 years ago, this court rejected a challenge to the

---

[3] This prior lawsuit appears to have been an earlier effort by Plaintiff to stave off foreclosure on the Property. Plaintiff is a frequent litigant in this Court, having been Plaintiff in at least six different lawsuits since 2013.

constitutionality of former Cal. Civil Code § 2924. The appellant there argued that he had been deprived of due process by virtue of the trustee's alleged failure to comply strictly with the statutory notice provisions. This court held that there was no state action, and hence no federal claim for relief.")). The amended complaint does not allege, and could not plausibly allege, that BONY and SLS are government actors or could be considered government actors in connection with their efforts to foreclose on the Property. *Apao v Bank of New York*, 324 F.3d 1091, 1094 (9th Cir. 2003) ("[S]elf-help foreclosure remedies have existed since early in the common law, and thus one cannot say that the power of foreclosure is one traditionally belonging only to the government"); *Geist v. Cal. Reconveyance Co.*, No C 10-0367 CRB, 2010 WL 1999854, *2 (N.D. Cal. May 18, 2010) ("*Apao* therefore squarely controls this case and compels a finding that Defendants' use of non-judicial foreclosure procedures does not qualify as 'state action'").

Because SLS and BONY's use of California's non-judicial foreclosure procedures does not constitute government action, Plaintiff cannot assert § 1983 claims against SLS and BONY based their efforts to foreclose on the Property. Accordingly, Plaintiff's claims against SLS and BONY for constitutional violations are dismissed with prejudice because any amendment to assert claims under § 1983 would be futile. *See Evans*, 2010 WL 11479358, at *8 (dismissing with prejudice claims of constitutional violations against bank and mortgage company arising out of non-judicial foreclosure of the plaintiff's residence).

### 2. "Securities Exchange Fraud"

The amended complaint labels the fourth claim for relief as "Securities Exchange Fraud," but it does not identify any specific code provisions, and the only allegations in the amended complaint or argument conceivably related to securities fraud in the opposition appear to be connected to the securitization of the loan on the Property. Generally, however, "[o]nly a purchaser or seller of securities has standing to bring an action" for securities fraud. *Binder v. Gillespie*, 184 F.3d 1059, 1066 (9th Cir. 1999). Plaintiff does not allege that she was a purchaser or seller of securities connected with SLS or BONY. Rather, Plaintiff appears to base this claim on a belief that the securitization of the loan on

the Property was fraudulent because it occurred without her consent. Even if Plaintiff's loan was securitized without her consent, that fact does not qualify her as a purchaser or seller of the security. *Sepehry-Fard v. Nationstar Mortg. LLC*, No. 14-CV-03218-LHK, 2015 WL 332202, at *19 (N.D. Cal. Jan. 26, 2015) ("Even assuming that Plaintiff's mortgage loans were securitized, this fact would not qualify Plaintiff as a purchaser or seller of the security."); *Bello v. Chase Home Fin.*, No. 10CV1913 BTW WVG, 2011 WL 133351, at *1 (S.D. Cal. Jan. 14, 2011) ("Even assuming Plaintiff's mortgage was ultimately sold into the secondary mortgage market, Plaintiff does not qualify as a purchaser or seller of the security."). Accordingly, Plaintiff's claim for "securities exchange fraud" against SLS and BONY related to the securitization of the loan on the Property is dismissed with prejudice because any amendment would be futile.

### 3. "Tax Fraud"

To the extent Plaintiff's tax fraud claim is premised on alleged federal tax evasion, Plaintiff does not identify, and the Court is unaware of, any private right of action for tax fraud or evasion. Accordingly, any "tax fraud" claim grounded in purported federal income evasion by SLS or BONY is dismissed with prejudice.

Plaintiff's "tax fraud" claim also appears to be premised on SLS and BONY allegedly fraudulently billing Plaintiff for taxes that, according to Plaintiff, BONY or SLS owed. [Doc. No. 6 at ¶ 40.] To the extent this is the gravamen the claim, it is merely a common law fraud claim governed by state law over which, as discussed below, the Court declines to exercise supplemental jurisdiction.

### B. State Law Claims

"A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010)) (quoting 28 U.S.C. § 1367(c)(3)). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the

remaining state-law claims." *Id.* (internal brackets and citation omitted). Here, most of the claims that the amended complaint conceivably attempts to assert against all defendants, including BONY and SLS, are based on California state law, and "primary responsibility for developing and applying state law rests with the state courts." *Neal v. E-Trade Bank*, No. CIV. S-11-0954 FCD, 2011 WL 3813158, at *4 (E.D. Cal. Aug. 26, 2011). Accordingly, having dismissed the federal claims against SLS and BONY, and in consideration of the early stage of these proceedings, the Court declines to exercise supplemental jurisdiction over the remaining state law claims against SLS and BONY. *See generally Banayan v. OneWest Bank F.S.B.*, No. 11CV0092-LAB WVG, 2012 WL 896206, at *2 (S.D. Cal. Mar. 14, 2012) ("There is no alleged basis for diversity jurisdiction in this case, and the Court is well within its discretion to dismiss a case for lack of jurisdiction when all federal claims have been dismissed and only state law claims over which it has supplemental jurisdiction remain."); *Keen v. Am. Home Mortg. Servicing, Inc.*, No. CIV. S-09-1026 FCD/KJM, 2010 WL 624306, at *1 (E.D. Cal. Feb. 18, 2010) ("[W]hen federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction.").

### III. Ex Parte Application for Temporary Restraining Order

After the motion to dismiss was filed, and three months after filing the complaint in this lawsuit and seven months after filing the First Action, Plaintiff filed an ex parte application for a temporary restraining order. As far as can be discerned from the application, Plaintiff seeks an order preventing BONY, who is now the owner of the Property after foreclosure, from reselling the Property. [Doc. No. 18 at 8-10.]

"A preliminary injunction is an extraordinary remedy never awarded as of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 9, 24 (2008). Injunctive relief may only be granted upon a showing of "irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982); *Stanley v. Univ. of So. Calif.*, 13 F.3d 1313, 1320 (9th Cir. 1994). For party to prevail on a motion for preliminary injunction, therefore, it must demonstrate that: "(1) it is likely to succeed on

the merits of its claim, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of hardships tips in its favor, and (4) a preliminary injunction is in the public interest." *Int'l Franchise Ass'n, Inc. v. City of Seattle*, 803 F.3d 389, 399 (9th Cir. 2015) (citing *Winter*, 555 U.S. at 20).

Having dismissed all claims against the SLS and BONY, the Court finds that Plaintiff has failed to establish a likelihood of success on the merits in this Court. Accordingly, the application for a temporary restraining order and preliminary injunction is denied. *See generally Global Horizons, Inc. v. United States Dept. of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007) ("Once a court determines a complete lack of probability of success or serious questions going to the merits, its analysis may end, and no further findings are necessary.").[4]

### IV. Demand for Entry of Default

Plaintiff demands that the Clerk of Court enter the default of all of the defendants. However, BONY and SLS have of course responded to the complaint, making default against them inappropriate. As to the other defendants, Plaintiff filed a proof of service indicating that the amended complaint and summons were "personally served and mailed USPS first class mail certified" on Richard and "San Diego Sheriff", and that it was mailed to Beggins via first class mail. Pursuant to Federal Rule of Civil Procedure 4:

> Service upon an individual may be made by following state law for serving a summons where the district court is located or where service is made. Fed.R.Civ.P. 4(e)(1). Service upon an individual may also be made by delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed.R.Civ.P. 4(e).

*Flint v. Krause*, No. 11CV0480 AJB WMC, 2011 WL 4626149, at *3 (S.D. Cal. Oct. 5,

---

[4] *See also Daniels*, 2015 WL 541299, at *13 (denying Plaintiff's motion for a preliminary injunction, finding that Plaintiff failed to establish a likelihood of success on the merits in light of the Court's dismissal of all claims against the moving defendants for failure to state a claim).

2011). Service by first class mail does not satisfy Rule 4(e)(2). It also does not comply with California Code of Civil Procedure Section 410, which allows for personal delivery of the summons, or Section 415.20(b), which states:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20; *see also Flint*, 2011 WL 4626149, at *3 (granting motion to dismiss for insufficient service when service was made by certified mail to the corporate addresses of the defendants' employers).

There is insufficient evidence here that Plaintiff has attempted to properly personally serve any of the defendants. *See generally WFG Nat'l Title Ins. Co. v. Dadyan*, No. CV 17-4784-GW(KSX), 2017 WL 3835675, at *4 (C.D. Cal. Aug. 31, 2017) ("Before substitute service may be employed [] reasonable diligence must first be exercised. Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as reasonable diligence.") (internal quotation marks and citation omitted). The statement in the proof of service [Doc. No. 11] that Richard and the San Diego Sherriff were "personally served" is a legal conclusion. To determine whether these defendants, as well as any of the other defendants, were personally served in compliance with Rule 4, the proof of service should describe the specific circumstances of the service, including the time of day, the location where service occurred, a physical description of the person on whom service was made, and an explanation for the process server's belief that the person being served was in fact the defendant or an agent of the defendant on whom service could be made.

Because there is not sufficient evidence in the record that Plaintiff has served any of the defendants in compliance with Rule 4, her demand for entry of default against the non-moving defendants is denied.[5]

## V. Disposition

For the foregoing reasons, the motion to dismiss filed by BONY and SLS is **GRANTED** for failure to state a claim with respect to Plaintiff's claims for constitutional violations, federal tax fraud/evasion, and "Securities Exchange Fraud." Because any amendment to these claims would be futile, these claims are **DISMISSED WITH PREJUDICE** as to BONY and SLS. The motion to dismiss is **DENIED** without prejudice with respect to the remaining state law claims because the Court declines to exercise supplemental jurisdiction over those claims. Because the Court declines supplemental jurisdiction, the remaining state law claims are **DISMISSED** without prejudice to Plaintiff asserting them in a new action in state court. Further, Plaintiff's motions [Doc. Nos. 16, 18] and her demand for entry of default [Doc. No. 15] are each **DENIED**.

Finally, as discussed above, there is insufficient evidence on the docket that any of the remaining defendants have been served with the amended complaint and summons in accordance with Rule 4. Failure to serve a complaint and summons on a defendant within ninety days is grounds for dismissal as to that defendant. Fed. R. Civ. P. 4(m). Accordingly, the Court will dismiss this action without prejudice as to Defendants Hassell, Richard, Gore, Beggins, IRS EIN# 13-2614959 Commission File#001-35651 For the Certificate Holders of the CWABS, and the San Diego Sherriff, on **October 27, 2017**, unless, before that date, Plaintiff files either: (1) a separate proof of service as to each of the remaining defendants demonstrating that such defendant has been served with the amended complaint and summons pursuant to Federal Rule of Civil Procedure 4, including the specific circumstances of any service by personal delivery; or, (2) a declaration under

---

[5] In addition, Plaintiff's motion concerning defense counsel Megan Lees [Doc. No. 16] is unintelligible and does not state any grounds for disqualifying Ms. Lees as defense counsel. Accordingly, the motion is **DENIED** as well.

penalty of perjury showing good cause for her failure to timely serve those defendants.

It is **SO ORDERED**.

Dated: October 11, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge